# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JAMES MALLORY                                                                          PLAINTIFF

v.                                  CIVIL ACTION NO. 3:19-CV-120-CRS

MARK BOLTON, et al.                                        DEFENDANTS

## MEMORANDUM OPINION & ORDER

Plaintiff James Mallory, a Louisville Metro Department of Corrections ("LMDC") prisoner proceeding *pro se* brings this civil rights action alleging that LMDC employees Mark Bolton, Dewayne Clark, Steve Durham, Martin Baker, Katreese Walker, Tmeka Wingate, Christopher L. Wedding, Jason Logsdon, Robert Brown, Major Jerry Collins, Major Ashby, Regina Reese Davis, Kevin Smith, and Rachel White violated his constitutional rights. Presently before the Court is Defendants Bolton, Clark, Durham, Baker, Walker, Brown, Collins, Ashby, Logsdon, Wedding, and Wingate's (collectively, the "Metro Defendants") Motion to Dismiss. DN 2. Plaintiff has not responded in opposition. The time to do so has now passed, and this matter is ripe for adjudication.

## I. BACKGROUND

Plaintiff initiated this action by filing his handwritten complaint in the Jefferson Circuit Court. Defendants removed the action to this Court pursuant to federal question jurisdiction as the complaint alleges violations of Plaintiff's U.S. Constitutional rights. DN 1. Shortly thereafter, the Metro Defendants moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. DN 2.

Plaintiff makes the following allegations in his complaint:

Since being housed back in LMDC jail Mallory been housed in the old part of the jail exposed to mold, feces and urine on a daily basis…inmates are forced to be

> held inside a[] holding cell in dorm 9 5 floor with no toilet, or sink, so they urinate on the floor and feces be left for Mallory to inhale…
>
> …
>
> Mallory has bleed from his rectum for several weeks with no proper medical attention.
>
> …
>
> The showers infested with mold and rust thats been there for several years.
>
> …
>
> Also while talking with the psych department PsyH doctors Rachel White c/o's are always present no [HIPAA] privtecy.
>
> …
>
> My mail been tamper with stolen with clear proofs just recently. November 2018 Gregory Coulson my attorney tried to give me a criminal law book @ visit. They denied him told him to send it in the mail and 2 days later he sent the law book til this very day Jan. 8, 2019 I still never have receive[d] the law book!

DN 1-1, at 10–12 (errors in original).

Count 1 of the complaint asserts that Defendants owed Plaintiff a duty "to protect him and his right to be free from cruel and unusual punishment." *Id.* at 12. Count 2 states Defendants owed Plaintiff a duty "not to interfere with the exercise of his constitutional rights during criminal trial proceedings," and Defendants "breached that duty by tampering with his legal materials, stealing mail, denying medical treatment…" *Id.* at 13. Lastly, Count 3 alleges Defendants interfered with Plaintiff's "right to be free from assault." *Id.* Plaintiff sued Defendants in their individual capacities and seeks, *inter alia*, punitive damages. *Id.* at 7, 15.

## II. LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at

2

556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

The Court is also mindful that "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a complaint that includes conclusory allegations without additional supporting details does not sufficiently show that the pleader is entitled to relief. *See Nail v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678).

### III. DISCUSSION

The Court liberally construes Plaintiff's complaint as attempting to state a claim for 1) conditions-of-confinement under the Eighth Amendment; 2) access to the courts under the First Amendment; 3) denial of medical treatment under the Eighth Amendment; and 4) excessive force under the Eighth Amendment.

A. Conditions-of-Confinement

The Eighth Amendment requires prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a claim for violation of the Eighth Amendment arising from conditions of confinement, a prisoner must plead (1) that "the failure to protect from risk of harm [was] objectively sufficiently serious," and (2) that "the official acted with deliberate indifference to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

3

Plaintiff has arguably satisfied the first element by alleging he was "exposed to mold, feces and urine on a daily basis." *See Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (per curiam) (finding that a prisoner who alleged that he was placed in cell covered with fecal matter was sufficient to state an Eighth Amendment claim); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (finding that a thirty-six hour period of exposure to non-working toilets and other inmates' urine and feces via standing water was sufficiently serious); *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (finding a "sufficiently serious condition of confinement" where an inmate was in a feces-covered cell for three days); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (three days in a cell with feces smeared on walls not within "civilized standards, humanity, and decency").

However, Plaintiff has not alleged facts that are sufficient to satisfy the second element against the Metro Defendants. The complaint does not attribute any act or omission to any particular defendant. There are no facts that connect the Metro Defendants to the conditions of confinement allegations, or any indication that the Metro Defendants were even aware of the conditions. Accordingly, Plaintiff has not adequately pled that the Metro Defendants were deliberately indifferent to Plaintiff's health or safety.

B. <u>Access-to-the-Courts</u>

Plaintiff claims Defendants violated his constitutional rights "during criminal trial proceedings…by tampering with his legal materials [and] stealing mail." DN 1-1, at 13. Specifically, Plaintiff recounts an incident where his lawyer attempted to give him a criminal law book during a legal visit but "they"[1] instructed the lawyer to send it in the mail. *Id.* at 11–12. Plaintiff alleges he never received the book despite the lawyer sending it. *Id.* at 12. The Court

---

[1] Again, Plaintiff does not specify which defendant or defendants were involved in this specific incident.

interprets Plaintiff's allegations as a claim for denial of access to the courts by interfering with his legal mail.

Prisoners have a constitutional right of access to the courts under the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (per curiam). The right of access to the courts, however, is not equated with unlimited access to legal materials and assistance. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X*, 175 F.3d at 394. Moreover, an isolated incident of interference with mail does not state a claim that rises to the level of a constitutional violation. *Lloyd v. Herrington*, No. 4:11CV-P128-M, 2011 WL 6026661, at *2 (W.D. Ky. Dec. 2, 2011).

Here, Plaintiff fails to state a claim because he has not alleged any prejudice to pending legal proceedings. *See Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation.")); *Lewis v. Grider*, 27 F. App'x 282, 283 (6th Cir. 2001) (a prisoner's claim for interference with access to courts through opening legal mail failed "as he alleged no prejudice to any pending litigation"). Furthermore, Plaintiff's allegation of a single incident does not arise to the level of a redressable constitutional violation. *See Johnson v. Wilkinson*, No. 98–3866, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) (holding that a prisoner's allegations about "random and isolated interference with [his] mail" did not rise to the level of a violation of his First Amendment rights); *Llyod*, 2011 WL 602661, at *2 (holding that two instances of interference with a prisoner's legal mail taken together did not rise to a constitutional violation).

C. Denial of Medical Treatment

Plaintiff also claims Defendants violated his constitutional rights by denying him medical treatment. DN 1-1, at 13. Plaintiff alleges the following facts relating to denial of medical treatment:

> Mallory has bleed from his rectum for several weeks with no proper medical attention never sent to an outside agency to this date of this actual lawsuit!

*Id.* at 10 (errors in original). Much like Plaintiff's conditions-of-confinement claim, Plaintiff fails to allege any facts connecting any particular defendant to his failure to provide medical treatment claim.

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on a prisoner by acting with 'deliberate indifference' to the prisoner's serious medical needs." *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). A claim for denial of adequate medical care has an objective and a subjective component. *O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 342 (6th Cir. 2014). To satisfy the objective component, the plaintiff must allege that he suffers from a sufficiently serious medical need. *Id.* In other words, the prisoner must show a sufficiently serious condition such that "denial of needed medical care would result in the unnecessary and wanton infliction of pain or pose a substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x 354, 358 (6th Cir. 2013).

The subjective component is satisfied if the plaintiff alleges facts which "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (internal quotation marks and citation omitted). "[A] prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable

requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).

Under the above standard, Plaintiff's complaint does not state a claim for denial of medical treatment violative of his Eighth Amendment rights. While the Court sympathizes with Plaintiff's medical condition, he does not present sufficient factual allegations from which this Court can infer that the Defendants were deliberately indifferent to a serious medical need. The extent of Plaintiff's allegations is that he was bleeding from his rectum and did not receive proper medical treatment. DN 1-1, at 10. He does not allege who was involved in the denial of medical treatment, or even that he requested said medical treatment. Therefore, Plaintiff's claims against the Metro Defendants for an alleged Eighth Amendment violation for failure to provide medical treatment will be dismissed.

D. Excessive Force

Finally, Plaintiff sues Defendants for "assaulting a prisoner" and interfering "with his right to be free from assault. DN 1-1, at 7, 13. This is the extent of Plaintiff's allegations relating to an assault. The Court construes the complaint as alleging an excessive force claim in violation of the Eighth Amendment against Defendants. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (the Eighth Amendment protects prisoners from the use of excessive force by prison officials). However, Plaintiff's excessive force claim must also fail because he has stated nothing more than conclusory legal allegations. Plaintiff's complaint contains no factual allegations relating to any assault that allegedly took place. For this reason, the Court will dismiss Plaintiff's excessive force claim. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) ("[W]e need not accept as

true any conclusory legal allegations that do not include specific facts necessary to establish the cause of action").

## IV. ORDER

For the reasons set forth hereinabove and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED**, that the Metro Defendants' Motion to Dismiss (DN 2) is **GRANTED**. Plaintiff's claims against the Metro Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he identifies any individuals who were allegedly involved in the violation of his constitutional rights, and describes how each Defendant has or continues to violate his constitutional rights by including details such as which Defendant purportedly did and/or knew what and when.

The Clerk of Court is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form with this case number and the word "Amended" written in the caption for his use in filing the amended complaint.

May 1, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**