UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES MALLORY**                                                                                    **PLAINTIFF**

**vs.**                                         **CIVIL ACTION NO. 3:19-CV-120-CRS**

**MARK BOLTON, et al.**                                                    **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on the motion of the Plaintiff, James Mallory ("Mallory"), by counsel, for leave to file a second amended complaint. DN 38. Kevin Smith ("Smith"), Rachel White ("White"), Becky Gentry ("Gentry"), and Does 1-10 filed a response in opposition. DN 39. William Ashby ("Ashby"), Christopher Wedding ("Wedding"), Michael Redmon ("Redmon"), Katreese Walker ("Walker"), and Tmeka Wingate ("Wingate") filed a separate response. DN 40. Mallory then filed a reply to each response. DN 41, 42. The matter is now ripe for review.

For the reasons stated herein, Mallory's motion for leave to amend will be granted in part and denied in part.

### I. BACKGROUND

Mallory initiated this action by filing a *pro se* complaint in Jefferson County Circuit Court against eleven LMDC officials—Mark Bolton, Dewayne Clark, Steve Durham, Martin Baker, Jason Logsdon, Robert Brown, Jerry Collins, Jason Logsdon, Walker, Wingate, and Wedding (collectively, the "Metro Defendants")—and three individuals that provided medical services to LMDC inmates—Regina Reese Davis, Smith, and White (collectively, the "Medical Defendants"). DN 1-1. Defendants timely removed the action to this Court based on federal question jurisdiction. DN 1. Shortly thereafter, the Metro Defendants moved to dismiss Mallory's Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6). DN 2. The Court granted the motion but provided Mallory thirty days to file an amended complaint. DN 7 at 8.

Mallory timely filed a *pro se* amended complaint and named two additional Defendants—Ashby and Redmon. DN 8. The Court screened the Amended Complaint according to 28 U.S.C. § 1915A and determined that only two claims could proceed: (1) individual capacity First Amendment retaliation claims against Ashby and Walker and (2) individual capacity First Amendment legal mail claims against Ashby and Redmon.[1] DN 15 at 10-13, 19.

On November 5, 2020, which was the date both parties were required to complete pretrial discovery, Felix H. Sharpe II, Esq. entered his appearance on behalf of Mallory. DN 32 at 1. Mallory's counsel then moved to extend the deadlines within the Court's Revised Scheduling Order "to conduct focused discovery regarding [] Mallory's claims and to prepare for dispositive motions and trial." DN 33 at 1. The Court granted this motion and issued a Second Revised Scheduling Order, which extended the deadlines for fact discovery, Rule 26(a)(1) disclosures, dispositive motions, and pre-trial memoranda by ninety days. DN 35 at 1.

In January 2021, counsel for Mallory filed an unopposed motion to "suspend the deadlines in [the Court's] Second Revised Scheduling Order, and set March 1, 2021 as [the] deadline to file a motion for leave to file a second amended complaint" because he was "able to gather sufficient information to decide to file a motion for leave to amend the operative complaint." DN 36 at 1, 2. The Court granted the motion and stated that the case's deadlines would be reestablished following the resolution of Mallory's pending motion. DN 37 at 1.

---

[1] The Court dismissed the following claims: (1) Mallory's official and individual capacity claims against the Medical Defendants; (2) Mallory's official capacity claims against the Metro Defendants; and (3) Mallory's individual capacity claims against the Metro Defendants based upon canine searches, a false disciplinary write-up, strip searches, failure to respond to grievances, PREA, verbal sexual harassment, violation of the attorney-client privilege, and his condition of confinement. DN 15 at 3-10, 13-19.

On March 1, 2021, Mallory, by counsel, moved for leave to amend. DN 38. The proposed second amended complaint names Ashby, Wedding, Redmon, Smith, White, Walker, Wingate, Gentry, and Does 1-10 as Defendants and asserts that: (1) Smith, White, Gentry, and Does 1-10 violated Mallory's Fourteenth Amendment right to adequate medical care; (2) Walker, Ashby, Redmon, Wedding, and Smith violated Mallory's First Amendment right to file a grievance against a prison official without adverse action; and (3) Ashby and Wingate violated Mallory's First Amendment right to freely exercise his religion. DN 38-1 at 1, 4-7.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint as a matter of right within 21 days after serving the complaint or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision to allow a party to amend a pleading is committed to the sound discretion of the district court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974). In evaluating whether to allow a proposed amendment, a court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

## III. ANALYSIS

Defendants object to Mallory's proposed second amended complaint on several grounds. First, Defendants contend that the Court should not allow the proposed amendments because they fail to state a claim upon which relief may be granted despite the alterations made by Mallory's counsel. DN 39 at 5-7, 40 at 3-4. The Court finds this argument unpersuasive given the unique circumstances presented. *See e.g., Morales v. NYS Dep't of Lab.,* No. 506CV899NAMATB, 2010 WL 11681390, at *2 (N.D.N.Y. Apr. 21, 2010) ("Notwithstanding the unfortunate delays in this case, it is appropriate to provide recently-retained counsel an opportunity to correct the deficiencies in the plaintiff's original pro se pleading"); *Weese v. Wyndham Vacation Resorts*, No. 3:07-CV-433, 2009 WL 1884045, at *2 (E.D. Tenn. June 30, 2009) (noting that "good cause" to allow an amendment likely exists where a *pro se* plaintiff obtains counsel close in time to the expiration of a court's scheduling deadline).

Mallory litigated this case *pro se* until attorney Sharpe entered his appearance in November 2020 on Mallory's behalf. DN 32 at 1. Shortly thereafter, Mallory's counsel "advised Defendants . . . that Mallory intended to amend his complaint" based on the "sufficient information" gathered since being engaged. DN 36 at 2, 38 at 2. On March 1, 2021, Mallory, by counsel, filed a motion for leave to file a second amended complaint, which seeks to clarify the allegations asserted in his earlier *pro se* pleadings and "prevent any repeated failure to cure deficiencies." DN 38 at 2. Therefore, the facts presented, combined with policy considerations for *pro se* litigants who later obtain the benefit of counsel, weigh in favor of allowing Mallory the opportunity to amend.

Second, Defendants contend that the timing of the claims asserted within Mallory's proposed second amended complaint constitute undue delay. DN 39 at 3-5, 40 at 3. "Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). However, at some point, "'delay will become undue, placing an unwarranted

burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.'" *Id*. (citing *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984)).

The party opposing the amendment has the burden of demonstrating that it would be prejudicial. *See Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). The Sixth Circuit has found undue delay in cases that are post judgment and in cases where discovery has closed, or dispositive motion deadlines have passed. *See e.g., Duggins v. Steak 'N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999) (stating that allowing amendments "after discovery had passed, and a motion for summary judgment had been filed . . . would create significant prejudice to the defendants"); *Morse,* 290 F.3d at 800 ("in the post-judgment context, we must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment"); *Szoke v. United Parcel Serv. of Am., Inc*., 398 F. App'x 145, 153 (6th Cir. 2010) (citing *Corning v. Nat'l Union Fire Ins. Co*., 257 F.3d 484, 496–97 (6th Cir. 2001)) ("a defendant suffers substantial prejudice when a plaintiff waits until after the filing of a summary judgment motion to file a motion to amend").

Here, Defendants have not shown how the delay in filing is undue. Mallory's motion complied with the Court's applicable scheduling order considering that discovery and dispositive motion deadlines were vacated pending a ruling on Mallory's proposed amendments. DN 36 at 1. Likewise, the fact, by itself, that Mallory's proposed second amended complaint was filed roughly twenty-six months after his initial Complaint and details allegations that occurred at least twenty-one months ago is of no merit to this analysis because delay alone is not a sufficient reason for the Court to deny leave to amend.

Additionally, Defendants fail to articulate any harm suffered from the delay or provide any argument that the delay was intended to harass them. Defendants' Responses suggest that they

would suffer hardship from having to defend against claims that are similar but more detailed than those previously asserted. DN 39 at 4-5, 40 at 3. Yet, this is not a sufficient consideration for whether they would suffer prejudice. *See Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction"). Therefore, the concerns outlined above about how delay may cause prejudice to the nonmoving party are not at issue.

Third, Defendants contend that the claims within the proposed second amended complaint do not relate back to Mallory's earlier *pro se* pleadings and are time barred. DN 39 at 3-10, DN 40 at 2-4. All of Mallory's claims have been brought pursuant to 42 U.S.C. § 1983. DN 38 at 7-11. Courts look to a state's personal injury statute to determine the appropriate limitations period for causes of action under § 1983 because the statute does not contain its own limitations period. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)) ("Actions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute"). "Under Kentucky law, personal-injury claims must be filed within one year of the tort." *Hall v. Spencer Cty., Ky.*, 583 F.3d 930, 933 (6th Cir. 2009); *see also* KRS 413.140(1)(a). "The limitations period begins to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Here, Mallory filed his original Complaint in January 2019 and his Amended Complaint a few months thereafter. DN 1-1, 8. The proposed second amended complaint, which was filed in

6

March 2021, asserts allegations that occurred from July 1, 2017 through June 17, 2019. DN 38 at 1. Thus, Mallory's amended claims are time barred unless they relate back to his earlier pleadings or form part of a continuing violation.

Federal Rule of Civil Procedure 15(c), which concerns the relation back of amendments, states that:

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The conjunction connecting the three parts of Rule 15(c) is "or" not "and." Rule 15(c)(1)(B) applies to an amendment that does not alter the plaintiff or defendant, and requires only that such an amendment asserts a claim or defense that arises out of the same "conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." *See Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999) (Rule 15(c)(1)(B) "is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading"). In determining whether an amendment arises from the same conduct, transaction, or occurrence previously articulated, the Sixth Circuit instructs courts to give

7

"content to those terms not by generic or ideal notions of what constitutes a conduct, transaction, or occurrence, but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 501 F.3d 493, 516 (6th Cir. 2007). Further, courts must interpret amendments implicating this section "in light of the 'fundamental tenor of the Rules,' which 'is one of liberality rather than technicality." *Id.* (citing *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000)); *see also Moore*, 790 F.2d at 559 ("the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings'").

Rule 15(c)(1)(C), on the other hand, addresses situations where a change in parties or the naming of parties is sought. *See* 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1498 (3d ed. 1998) (Rule 15(c)(1)(C) "alters the generally accepted rule that new parties, either plaintiffs or defendants, cannot be added to an action by amendment after the applicable limitations period has expired"). However, the Sixth Circuit has not construed Rule 15(c)(1)(C)'s language to mean that amendments that add or drop parties fall within the ambit of the rule. *See Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 318 (6th Cir. 2010) ("the precedent of this circuit clearly holds that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations") (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991)).

Here, the iteration of factual allegations contained in Mallory's proposed second amended complaint against Ashby, Wedding, Redmon, Smith, White, Walker, and Wingate arise from the same nexus of facts contained in Mallory's earlier *pro se* pleadings. Mallory's *pro se* pleadings

must be construed liberally and held to a lesser standard than pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) ("A document filed *pro se* 'is to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'"). When viewed in this light, Mallory's prior pleadings contain allegations and claims related to medical attention he received or requested, actions allegedly taken in retaliation for this lawsuit, and purported interferences with his religious practices and beliefs. DN 1-2 at 7-14, 8 at 10-13.

Although Mallory's proposed amendments are (1) substantially more sophisticated than his past pleadings, (2) assert additional facts to substantiate his claims, and (3) expound upon potential legal theories for recovery, the allegations and claims within the proposed second amended complaint, which relate to medical treatment, alleged retaliatory conduct, and infringement of his religious practices, all arise from the same conduct, transaction or occurrence that he described in his *pro se* pleadings. *See Miller*, 231 F.3d at 248 ("[A] court will permit a party to add even a new legal theory in an amended complaint as long as it arises out of the same transaction or occurrence"). Further, Ashby, Wedding, Redmon, Smith, White, Walker, and Wingate had adequate notice of the nature and scope of the claims within the proposed second amended complaint, along with a reasonable understanding of the conduct for which Mallory seeks to recover, considering that the allegations presently asserted against them are substantially similar to those previously asserted. *See Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) ("where the parties are the same, . . . an amendment which adds another claim arising out of the same transaction or occurrence does relate back to the date of the original complaint"). Therefore, Mallory's proposed second amended complaint satisfies the test for relation back under the standard outlined in Rule 15(c)(1)(B) as it relates to these Defendants.

However, the amendments regarding Gentry and Does 1-10 do not relate back. Unlike the amendments addressed above, Mallory fails to satisfy the requirements of Rule 15(c)(1)(B). Even when Mallory's *pro se* pleadings are viewed liberally, Gentry and Does 1-10 did not possess adequate notice that they might be called to answer for a claim based on Mallory's constitutional right to adequate medical care, considering that Mallory's prior pleadings failed to mention Gentry, Does 1-10, or the factual allegations asserted against them. Likewise, Mallory's proposed second amended complaint does not comply with Rule 15(c)(1)(C) as it relates to these individuals because it asserts a cause of action against new parties following the expiration of the applicable one-year statute of limitations period. Therefore, Mallory's allegations against Gentry and Does 1-10 neither satisfy Rule 15(c) nor comply with Sixth Circuit precedent.

## IV. CONCLUSION

For the reasons discussed herein, Mallory's motion for leave to file a second amended complaint will be granted in part and denied in part by separate order.[2] We note that the remaining Defendants' opportunity to move for dismissal or summary judgment is not foreclosed by this ruling.

April 27, 2021



Charles R. Simpson III, Senior Judge
United States District Court

---

[2] Mallory's proposed second amended complaint will supersede his prior *pro se* pleadings and become the legally operative document in this matter. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009)) ("An amended complaint supersedes an earlier complaint for all purposes"). Considering Mallory's proposed second amended complaint does not assert the individual-capacity First Amendment legal mail claim against Ashby and Redmon that the Court previously concluded was viable, we will deem it abandoned.