UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES MALLORY                                                                             PLAINTIFF

vs.                               CIVIL ACTION NO. 3:19-CV-120-CRS

MARK BOLTON, et al.                                                 DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on the motion of Defendants Dr. Kevin Smith ("Smith") and Rachel White ("White") to dismiss. DN 46. Plaintiff, James Mallory, filed a response in opposition. DN 49. White and Smith then filed a reply. DN 50. The matter is now ripe for review.

For the reasons stated herein, Defendants' motion to dismiss will be granted.

**I. BACKGROUND**

Mallory, a pretrial detainee at Louisville Metro Department of Corrections ("LMDC"), initiated this action by filing a *pro se* complaint in the Jefferson County Circuit Court. DN 1-1. Defendants removed and Mallory filed an amended complaint. DN 1, 8. This Court screened both of Mallory's pleadings pursuant to 28 U.S.C. § 1915A and determined that several of his claims, including official capacity and individual capacity claims asserted against Smith and White for deliberate indifference to a serious medical need and violations of the Health Insurance Portability and Accountability Act, failed to state a claim upon which relief may be granted.[1] DN 15 at 5-7.

Thereafter, Smith and White moved for entry of a final judgment because the dismissal order did not specify whether it was with or without prejudice. DN 17. We ultimately denied this

---

[1] The Court also dismissed Mallory's retaliation claim against Smith during its initial review. DN 15 at 7-8.

motion after concluding that Smith and White failed to carry "their burden to show entitlement to the requested relief under Rule 54(b)." DN 19 at 3.

In November 2020, Felix H. Sharpe II entered his appearance on behalf of Mallory and later moved to file a second amended complaint. DN 32, 38. This Court granted the motion in part. DN 43, 44. With regard to Smith and White, the Second Amended Complaint asserts the following claims: (1) Smith violated Mallory's Fourteenth Amendment right to adequate medical care when he "with[eld] Plaintiff's hemorrhoid wipes or alternative treatments for his rectal bleeding, refus[ed] Plaintiff a consultation for the nodes in his lungs, and den[ied] access to an outside doctor"; (2) White violated Mallory's Fourteenth Amendment right to adequate medical care when she refused to "regularly check in with Plaintiff" after his failed suicide attempt and "mocked him on her rare visits"; and (3) Smith violated Mallory's First Amendment right to engage in protected conduct when he denied medical treatment for Mallory because he was named in this lawsuit. DN 45 at 7-9.

Smith and White now move to dismiss Mallory's right to adequate medical care claims. DN at 46 at 6-12. Smith does not argue that the retaliation claim should be dismissed.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, [that] 'states a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleading standard outlined in Rule 8 does not require a complaint to contain "detailed factual allegations, but it demands more than an unadorned, the-defendant unlawfully harmed me

accusation." *Id*. As such, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

In undertaking this inquiry, the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

### III. <u>ANALYSIS</u>

Prison authorities have a constitutional obligation to provide medical care to incarcerated individuals. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle*, 429 U.S. at 104). The Fourteenth Amendment similarly protects pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

Historically, the Sixth Circuit has "consistently applied the same 'deliberate indifference' framework to Eighth-Amendment claims brought by prisoners as Fourteenth-Amendment claims brought by pretrial detainees." *Griffith v. Franklin Cty., Kentucky*, 975 F.3d 554, 567 (6th Cir. 2020) (collecting cases). For either set of claims, a plaintiff must conventionally satisfy both an objective and subjective component.[2]

---

[2] We note that the United States Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), may abrogate the subjective component of a Fourteenth Amendment deliberate indifference claim. However, we decline to address the impact of the Court's decision on this case considering that (1) the Sixth Circuit has not resolved whether pretrial detainees need even show that a defendant was subjectively aware of their serious medical conditions and

3

To establish the objective component, a plaintiff must allege the "existence of a sufficiently serious medical need." *Blackmore*, 390 F.3d at 895. A sufficiently serious medical need "is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore*, 390 F.3d at 897). When a serious medical need is not obvious and a plaintiff seeks redress based on the inadequacy of the care, "[t]here must be 'medical proof that the provided treatment was not an adequate medical treatment of [the person's] condition or pain.'" *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013).

To satisfy the subjective component, a plaintiff must show that a prison official had "a sufficiently culpable state of mind in denying medical care." *Farmer v. Brennan*, 511 U.S. 824, 834 (1994). This requirement "entails something more than mere negligence" but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. The official must have "'subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Griffith*, 975 F.3d at 568 (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018)). A court must analyze the subjective component for each official individually based on "the information that was available to them at the time." *Rouster v. Cty. of Saginaw,* 749 F.3d 437, 453 (6th Cir. 2014).

Importantly, not every claim by a prisoner that he or she received inadequate medical care states a constitutional violation. The United States Supreme Court has explained that:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical

---

wantonly disregarded them and (2) Mallory did not offer the argument before this Court. *See Richmond v. Huq*, 885 F.3d 928, 938 n.3 (6th Cir. 2018); *Beck v. Hamblen Cty., Tennessee*, 969 F.3d 592, 601 (6th Cir. 2020).

> condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 106; *see also Britt v. Hamilton Cty.*, No. 1:17-CV-724, 2021 WL 1184057, at *7 (S.D. Ohio Mar. 30, 2021) ("The Sixth Circuit's purpose for including this requirement is clear: the subjective requirement is designed to prevent the constitutionalizing of medical malpractice claims"). Thus, a pretrial detainee's disagreement with his physician over the proper medical treatment or diagnosis does not allege a cognizable under 42 U.S.C. § 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 816 n.13 (6th Cir. 1996); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995).

### A. Allegations Against Smith

Mallory's deliberate indifference claim against Smith is based upon several occurrences.

#### 1. Hemorrhoids

Mallory alleges that from July 2017 to June 2019 he "bled[] from his rectum daily for several weeks at a time." DN 45 at 4. To ease his pain, he "relied on hemorrhoid wipes delivered by his family." DN 45 at 4. However, in May 2019, Smith purportedly prevented Mallory from obtaining the wipes and did not provide "any alternative treatment." DN 45 at 4. Mallory then requested the "medical staff" at LMDC arrange a consult with an outside physician but was informed that Smith was the only person who could make such a referral, which Mallory alleges did not occur. DN 45 at 4.

Here, Mallory's allegations—that he "bled[] from his rectum daily for several weeks at a time" and that his bleeding created a "painful and uncomfortable condition"—do not satisfy the

5

requirements under the objective component for a claim of deliberate indifference. *See e.g., Border v. Trumbull Cnty. Bd. of Comm'rs*, 414 F. App'x 831, 837–38 (6th Cir. 2011) (detainee's medical need was sufficiently serious and obvious where he appeared "severely intoxicated," "huddled and slumped over," had red and glazed eyes, "had difficulty walking and staying awake," "slurr[ed] his speech," and later died from a drug overdose); *Preyor v. City of Ferndale*, 248 F. App'x 636, 642 (6th Cir. 2007) (detainee's symptoms "show[ed] . . . a sufficiently 'serious medical condition,'" where the detainee, a diabetic who died in custody from heroin withdrawal, vomited ("a clear manifestation of internal physical disorder"), had diarrhea causing dehydration, and was seen lying on the cell floor). Unlike cases that find the existence of a sufficiently serious medical need, the facts, as plead, fail to support a reasonable inference that Mallory displayed symptoms of a serious condition such that anyone who observed him in that state would have understood his critical need for medical attention. Likewise, neither the Second Amended Complaint nor the Response include medical evidence related to Mallory's condition. *See Martin v. Warren Cty., Kentucky*, 799 F. App'x 329, 338 (6th Cir. 2020), reh'g denied (Feb. 4, 2020). Therefore, Mallory's claim cannot survive dismissal.

Even, assuming arguendo, that Mallory's allegations constitute a serious medical need, they fall short with respect to the subjective prong because the facts, as plead, do not justify an inference that Smith was aware of facts from which a reasonable inference could be drawn that a substantial risk of serious harm existed or that Smith actually drew such an inference. *See Farmer*, 511 U.S. at 837. Notably, the Second Amended Complaint does not assert that Smith knew about Mallory's condition or his request for a second opinion from an outside physician. As such, Mallory fails to demonstrate that Smith was aware of and disregarded facts that would reasonably indicate substantial medical distress.

Moreover, the authorities cited by Mallory in support of his opposition to Defendants' motion are not pertinent. Unlike the plaintiffs in *Washington v. Gilmore*, 841 F. App'x 466, 469 (3d Cir. 2021) and *Hill v. Coleman*, No. 1:20-CV-542, 2020 WL 4726702 (W.D. Mich. Aug. 14, 2020), who alleged that medical professionals failed to administer any treatment after being apprised of extreme rectal bleeding, Mallory does not assert that Smith knew about his condition, ignored a direct request for treatment, or provided wholly incompetent care.

Accordingly, Mallory cannot maintain a claim for medical indifference against Smith related to his hemorrhoids and the failure to provide any alternative treatment after his wipes were apparently revoked.

### 2. Chest Pain and Trouble Swallowing

The central question concerning this aspect of Mallory's deliberate indifference claim is whether Mallory has alleged sufficient facts to satisfy the subjective component of the deliberate indifference inquiry. According to the Second Amended Complaint, "Smith informed [Mallory] that he had nodes in his lungs and proscribed him occasional breathing treatments" to alleviate the ailment. DN 45 at 4. Sometime thereafter, Mallory requested "an official diagnosis" and a "consultation with an outside physician" to confirm whether the nodes in his lungs had spread to his neck, neither of which were apparently provided by Smith. DN 45 at 4.

Generally, "[a] doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference." *Rhinehart*, 894 F.3d at 738; *see also Loyd v. Hacker*, No. CV 6:21-53-WOB, 2021 WL 1392837, at *1 (E.D. Ky. Apr. 12, 2021) ("allegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context"). In fact, federal courts are quite reluctant to second guess medical judgments where the plaintiff has received some medical treatment. *See Rhinehart*, 894 F.3d at 738 (quoting *Richmond v. Huq*,

885 F.3d 928, 940 (6th Cir. 2018)) ("when a claimant challenges the adequacy of an inmate's treatment, 'this Court is deferential to the judgments of medical professionals'"). However, the Sixth Circuit has also recognized that:

> [P]rison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Indeed, deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment."

*Jones v. Muskegon Cnty.*, 625 F.3d 935, 944-45 (6th Cir. 2010) (quoting Ter*rance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002)).

Here, Mallory concedes that Smith provided some care to treat the nodes in his lungs. DN 45 at 4, 49 at 8. Thus, his claim fails unless he can show that Smith's care was so grossly inadequate that it amounts to no treatment at all. *See Griffith*, 975 F.3d at 568 (internal citation and quotation marks omitted) ("where the plaintiff has received some medical treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. A plaintiff can nevertheless satisfy this standard by demonstrating that a medical professional consciously exposed the patient to an excessive risk of serious harm in administering treatment, or rendered medical care so woefully inadequate as to amount to no treatment at all").

But, even when Mallory's allegations are read in the light most favorable to him, the Second Amended Complaint lacks sufficient facts from which a reasonable inference can be drawn that tends to establish Smith consciously exposed Mallory to an excessive risk of serious harm or provided an easier but less efficacious course of treatment. All that Mallory alleges in the Second Amended Complaint is that Smith failed to provide a diagnosis for the nodes in his lungs and permit a consultation with an outside physician. DN 45 at 4. Although these allegations may amount to medical negligence, at most, in diagnosis or managing a condition, they certainly do not

8

rise to the level of grossly inadequate care. *See Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 534 (N.D. Ohio 2020) (dismissing plaintiff's deliberate indifference claim after finding that the decision to deny a request for a specialist was based on professional medical judgment); *Daniels v. Mindlin*, No. 2:19-CV-236, 2019 WL 6907328, at *6 (W.D. Mich. Dec. 19, 2019) (dismissing plaintiff's deliberate indifference claim against a prison physician that provided a more conservative treatment option than the one requested by the plaintiff because "differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim"); *Reilly v. Vadlamudi*, 680 F.3d 617, 625 (6th Cir. 2012) (plaintiff's allegations that defendant failed to "[o]btain and appreciate an appropriate [medical] history; obtain appropriate diagnostic studies; include malignant tumor in the [ ] diagnosis; promptly refer [Plaintiff] to or consult with [a] . . . specialist; provide timely . . . medical care; and ensure Plaintiff is evaluated by a physician" may have supported a claim for professional negligence but not deliberate indifference).

Accordingly, while the Court is sympathetic to Mallory's concerns for his physical well-being and dissatisfaction with the course of treatment for his pain, his allegations do not assert a cognizable federal constitutional claim and must be dismissed.

### B. Allegations Against White

Following Mallory's failed suicide attempt in March 2018, he complained to LMDC staff that White was not making rounds. DN 45 at 5. Thereafter, White began making rounds, but Mallory alleges that, during these rounds, White would "taunt [him] about the restrictions on his movements" and "mock him." DN 45 at 5, 8. He further asserts that White "refused to have private meetings with [him] without corrections officers present despite . . . the distress this caused [him]." DN 45 at 5.

9

The parties do not dispute whether Mallory alleged sufficient factual allegations demonstrating a serious medical condition related to his mental health. Instead, the disagreement concerns the subjective component.

Here, Mallory's Second Amended Complaint concedes that White and other LMDC staff provided some care following his suicide attempt. DN 45 at 5, 49 at 9. Thus, this claim concerns the adequacy of treatment Mallory received and must also be dismissed unless the facts, as plead, show that the treatment provided was grossly inadequate. *See Griffith*, 975 F.3d at 568.

Here, although it may be inferred that White knew about Mallory's suicide attempt, the facts, as plead, are not sufficiently stated to draw a reasonable inference that White's treatment was grossly inadequate or that she provided an easier but less efficacious course of treatment. *See Jones*., 625 F.3d at 944-45. All Mallory alleges is that White did not "regularly check in with [him]" and that she declined to have "private meetings" to discuss his mental health. DN 45 at 5, 8. But these statements clearly concern the adequacy of the treatment provided, which this Court declines to question considering that the Second Amended Complaint fails to assert facts indicating that the treatment was wholly lacking or that White consciously exposed Mallory to an excessive risk of serious harm. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"); *Shehee v. Saginaw Cty*., 86 F. Supp. 3d 704, 715 (E.D. Mich. 2015) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)) (a court may "infer deliberate indifference 'only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment'"). Moreover, we note that, even

when the statements concerning the frequency of White's rounds and the nature of her meetings with Mallory are read in the light most favorable to him, the allegations amount to nothing more than medical negligence in diagnosis or managing a condition, which is not cognizable. *See Owens v. Hutchinson,* 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim"); *Rhinehart*, 894 F.3d at 740 (internal citation and quotation marks omitted) ("An inmate's disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation. Nor does a desire for additional or different treatment . . . suffice to support an Eighth Amendment claim"); *Broughton v. Premier Health Care Servs., Inc.,* 656 F. App'x 54, 57 (6th Cir. 2016) (noting that the denial of certain medication may have neglected plaintiff's risk of suicide, but it could not satisfy the subjective component of a deliberate indifference claim because it asserts nothing more than ordinary negligence); *Downard for Est. of Downard v. Martin*, 968 F.3d 594, 601 (6th Cir. 2020) ("even an inmate's recent threats of suicide do not make it obvious that he poses a strong likelihood of suicide if he denies feeling suicidal at intake").

Similarly, the fact that White may have "taunted" Mallory during her rounds does not amount to a constitutional violation considering that the Second Amended Complaint lacks sufficient facts from which a reasonable inference can be drawn that tends to establish any mockery by White equates to the type of treatment that the constitution prohibits. *See e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004) (finding that a correctional officer's aggravating remarks and insults did not constitute the type of infliction of pain that the constitution prohibits). Accordingly, Mallory has not plead a cognizable claim for medical indifference against White.

## IV. CONCLUSION

For the reasons discussed herein, Defendants' motion to dismiss will be granted by separate order.

August 20, 2021

Charles R. Simpson III, Senior Judge
United States District Court